**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 25 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

In Re:

KEY ENERGY RESOURCES INC.,

Debtor.

---

KEY ENERGY RESOURCES INC.,

Plaintiff-Appellant,

v.

LORI ANN MERRILL,

Defendant-Appellee.

No. 99-5106

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 98-CV-623)

---

Submitted on the briefs:

Stephen J. Merrill, Tulsa, Oklahoma, for Plaintiff-Appellant.

John B. Nicks, Tulsa, Oklahoma, for Defendant-Appellee.

---

Before **BRORBY**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

Key Energy Resources Inc. appeals from the district court's rulings dated January 6, 1999, and April 12, 1999. [1] The first ruling denied Key Energy's appeal from the bankruptcy court's decision for appellee in an adversary proceeding initiated by Key Energy to quiet title on certain real property and for damages. In that ruling, the district court adopted the report and recommendation of the magistrate judge, noting that no objections had been filed within the allowed ten-day period pursuant to Fed. R. Civ. P. 72(b). *See* Appellant's App. at 15. The second ruling denied Key Energy's motion to reconsider, filed together with proposed objections to the magistrate judge's report and recommendation. *See id.* at 16-17.

This court suspended briefing on the merits and ordered further briefs on the issue whether consideration of Key Energy's appellate arguments should be barred due to its failure to timely object to the magistrate judge's report and recommendation, in light of this court's waiver rule. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). The parties have submitted briefs on this issue and, subsequently, on the merits. We have jurisdiction pursuant to

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

28 U.S.C. §§ 158(d) and 1291. We dismiss the appeal because we conclude Key Energy has waived appellate review by its failure to object to the magistrate judge's report and recommendation within the required time period.

The facts surrounding appellant's failure to file timely objections are not disputed. [2] Appellant is a corporation and is represented by a solo practitioner who is also president of the corporation. On December 14, 1998, the magistrate judge filed his report, recommending that the bankruptcy court's ruling adverse to appellant be affirmed. The report was served by mail, and advised appellant that it had ten days to file objections. On the following day, December 15, appellant's counsel entered a hospital for surgery; he was discharged on December 22, 1998. In his motion for consideration before the district court, he claimed that, following the surgery, "he was in a great deal of pain, [] heavily medicated and [] unable to practice law." Appellant's Supp. App., at 1. He also admitted, however, that "on or about" the day he was discharged, he directed his legal assistant to ask the district court how to file for an extension of time. *Id.*

Counsel suffered a relapse and was readmitted to the hospital on December 29; he was discharged on January 1, 1999. On January 6, the district

---

[2]     These facts are gleaned from appellant's brief on the waiver issue and the attached copy of the motion to reconsider filed with the district court. Appellant did not include the motion to reconsider in its appendix, but has moved to supplement the appendix with a copy of the motion. The motion to supplement is granted; the motion to reconsider will be referred to as "Appellant's Supp. App."

court approved the magistrate judge's report in light of appellant's failure to file objections. Appellant's counsel was not released for work by his doctor until January 12, at which time he began to work half days. Counsel filed appellant's proposed objections with the district court as part of its motion to reconsider on January 21, 1999. The district court denied the motion, but apparently reviewed appellant's objections in so ruling.

"This court has adopted a 'firm waiver rule' which provides that a litigant's failure to file timely objections to a magistrate's [report and recommendation] waives appellate review of both the factual and legal determinations." *Vega v. Suthers*, 195 F.3d 573, 579 (10th Cir. 1999). We have recognized two circumstances under which the waiver rule will not be applied. The first, involving the level of notice required for pro se litigants, *see Talley v. Hesse*, 91 F.3d 1411, 1412 (10th Cir. 1996), is not pertinent here because appellant is a corporation and is represented by counsel. The second is that the waiver rule "need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659. This court has never defined the interests of justice exception in counseled cases. *See Vega* 195 F.3d at 580. Our cases addressing the waiver issue, though largely unpublished, indicate that the court has considered various factors in determining the applicability of the interests of justice exception in counseled cases, including: 1) the factual circumstances purporting to excuse the

failure to file timely objections; 2) whether the district court examined untimely filed objections ; and 3) the merits of a litigant's underlying claims. We have noted, however, that the interests of justice exception in counseled cases is a narrow one, *see id.* ("[W]e have excused the failure to file timely objections only in the rare circumstance in which a represented party did not receive a copy of the magistrate's [report and recommendation]").

Upon consideration of this "firm waiver rule" and the interests it was designed to promote, *see United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996), we hold that, in counseled, civil, nonhabeas cases, the merits of the underlying case should not be considered in determining whether the interests of justice exception has been met. *Cf. Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1268 (10th Cir. 1999) (concluding that the interests of justice exception did not excuse a pro se litigant's failure to timely file objections, relying in part on a review of the merits). The waiver rule is meant to promote the interests of the Magistrate's Act, including the judicial efficiency served thereby. *See Pippinger v. Rubin*, 129 F.3d 519, 533 (10th Cir. 1997). Reviewing the merits to determine whether the waiver rule should be applied to preclude consideration of those same merits does not serve judicial efficiency. We conclude that, in counseled cases, determination of the interests of justice

exception should focus instead on the facts that purport to excuse the lack or untimeliness of the filing of objections.

In its initial brief on the waiver issue, appellant contends that this court should allow consideration of its appellate claims because 1) appellant did file objections, albeit late, 2) appellant's counsel suffered from a medical hardship which excuses the untimely filing, and 3) the district court did not apply the waiver rule in its motion to reconsider and considered appellant's objections on their merits. We consider these points in reverse order.

Appellant's third reason urging application of the exception lacks merit. Appellant contends that because the district court considered the merits of its objections in ruling on the motion to reconsider, the purposes behind the waiver rule are outweighed by the judicial system's interest in resolving cases on the merits. We disagree with appellant's initial premise. In ruling on appellant's motion for reconsideration, the district court stated: "The Court has reviewed the arguments presented and remains persuaded that the bankruptcy judge is properly affirmed." Appellant's App. at 16. This statement does not suggest that the district court performed a de novo review of the magistrate judge's report and recommendation in light of appellant's objections, *cf. 2121 E. 30th St.*, 73 F.3d at 1059 (quoting Fed. R. Civ. P. 72(b)); *Wildermuth v. Furlong*, 147 F.3d 1234, 1236 (10th Cir. 1998) (stating that, upon objections to a magistrate judge's report

and recommendation, "the district court must undertake a de novo review *of the record* ) (emphasis added). Further, we will not infer that such review has occurred upon a motion to reconsider. *Cf. Green v. Branson* , 108 F.3d 1296, 1305 (10th Cir. 1997) (assuming that, absent evidence to the contrary, the district court performed a de novo review upon the filing of timely objections). Therefore, there is no basis for appellant's argument that the purposes of the waiver rule were weakened by the district court 's review in this case. [3]

Next, we consider appellant's contention that counsel's hospitalizations and medical condition compel application of the interests of justice exception. We are disinclined to excuse late filings of objections to a magistrate judge's report and recommendation based on reasons such as medical problems or inability to prepare objections so long as counsel was able to file or have filed a timely motion for extension of time. In light of the facts of this case, in which counsel received a copy of the magistrate judge's report before the ten-day period expired

---

[3] Further, even had the district court performed the de novo review normally triggered only by timely and specific objections to the magistrate judge's report and recommendation, that fact would not preclude application of the waiver rule or somehow "revive" appellant's claims, as appellant argues. *See Vega* , 195 F.3d at 580 ("[A] district court 's decision to review [a magistrate judge's report and recommendation] *de novo* , despite the lack of an appropriate objection, does not, standing alone, preclude application of the waiver rule."); *2121 E. 30th St.* , 73 F.3d at 1061 (declining to lift the bar of appellate review despite the district court 's sua sponte decision to conduct a de novo review where objections were not specific enough to preserve the issues for appellate review) .

and had a legal assistant who made an effort to contact the district court seven days before the deadline about filing an extension of time, we cannot say that counsel was unable to timely file for an extension of time in which to prepare and file his objections.

Finally, the first reason appellant urges for application of the interests of justice exception is not persuasive. The waiver rule requires the *timely* filing of specific objections. *See 2121 E. 30th St.,* 73 F.3d at 1060. In light of our rejection of appellant's other arguments, the single fact that it filed objections does not compel application of the interests of justice exception.

Accordingly, we reject appellant's arguments that the interests of justice exception to the waiver rule should be applied here. Appellant has waived appellate review by failing to file timely objections to the magistrate judge's report and recommendation. The appeal is DISMISSED; appellant's motion to supplement the record is GRANTED.