**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 22 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PHILLIP JASON RHOADS, also
known as Jason Waguespack, also
known as Phillip Burlington,

Defendant-Appellant.

No. 00-2079
(D.C. No. CIV-99-115-JC)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Phillip Jason Rhoads, a federal prisoner proceeding pro se, seeks review of the district court's order adopting the magistrate judge's recommendation to deny relief on his motion to set aside his federal conviction, filed pursuant to 28 U.S.C. § 2255. He also requests that this court appoint counsel and provide him with copies of the file in the underlying criminal case. Those requests are denied. Defendant failed to file objections to the magistrate judge's findings and recommendation. Therefore, he waived his right to appellate review. Accordingly, this appeal is dismissed.

Defendant entered a guilty plea to charges of possession with intent to distribute more than 100 grams of methamphetamine and carrying a firearm in connection with the narcotics trafficking offense; other charges were dismissed. He was sentenced to 248 months' imprisonment. He did not file an appeal from the conviction. In his § 2255 motion, he claimed (1) he was entitled to presentence confinement credit, (2) the sentencing court erred by not departing downward, (3) he was denied due process because he did not appear before the federal grand jury, (4) his conviction violated double jeopardy, (5) his plea was rendered involuntary by the breach of a promise of a shorter sentence, and (6) his trial attorney provided constitutionally ineffective assistance of counsel.

On September 30, 1999, the magistrate judge issued findings and recommended that the § 2255 motion be denied. That document contained a

notice that any party could object to the findings and recommendation by filing written objections within ten days of service. The notice further stated that failure to file written objections would prevent appellate review of the disposition. R. doc. 16, at 14.

A copy of the findings and recommendation was mailed to defendant, but was returned as undeliverable by the Postal Service. On November 2, 1999, the district court, having learned that defendant had been transferred to the federal penitentiary in Florence, Colorado, mailed another copy of the magistrate judge's findings and recommendation to him there. Id. doc. 17. Then defendant filed a notice of address change, confirming that he had been transferred to Florence, Colorado. In an order entered January 18, 2000, the district court directed that yet another copy of the magistrate judge's findings and recommendation be sent by certified mail to the address stated on defendant's notice of address change, which was substantially the same as the address to which the second mailing was sent. Neither the second nor the third mailing was returned as undeliverable, and a return receipt indicating an indecipherable signature was received by the district court on January 26, 2000. Defendant claims he never received the magistrate judge's findings and recommendation. He did not file written objections.

This court has adopted a "firm waiver rule[:] the failure to make timely objection to the magistrate's findings or recommendations waives appellate

review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991) (footnote omitted). The rule applies to pro se litigants as long as the magistrate judge's order notifies the parties of the consequences of a failure to file written objections. Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996). The rule is intended to promote judicial efficiency. Key Energy Resources, Inc. v. Merrill (In re Key Energy Resources, Inc.), 230 F.3d 1197, 1200 (10th Cir. 2000). There may be an exception to the waiver rule where the interests of justice require it. Moore, 950 F.2d at 659; Theede v. United States Dep't of Labor, 172 F.3d 1262, 1268 (10th Cir. 1999).

In this case, the interests of justice do not require making an exception to the waiver rule which would permit this court to review the merits. The district court diligently mailed two copies of the magistrate judge's findings and recommendation to the defendant's address at the federal penitentiary in Florence, Colorado, neither of which were returned as undeliverable. Each time, the deadline for filing objections was extended. Each time, the documents apprised defendant of the consequences of a failure to object. Defendant's failure to file timely objections to the magistrate judge's report and recommendation constitutes a waiver of appeal.

APPEAL DISMISSED.  Defendant's request for appointment of counsel and for copies of his underlying criminal file are denied.  The mandate shall issue forthwith.

Entered for the Court


Robert H. Henry
Circuit Judge