**Andre STRAUSS, also known as Mark Charles Thomas, Plaintiff–Appellant,**

v.

**Joseph BROOKS; Nancy V. Segura; Mary Griffin; David Kent; Tim Allport; Daniel B. Ritchey; Tamara Williams; and R. Stevens, Defendants–Appellees.**

No. 01–1033.

United States Court of Appeals, Tenth Circuit.

Aug. 21, 2001.

---

Before SEYMOUR and McKAY, Circuit Judges, and BRORBY, Senior Circuit Judge.

### ORDER AND JUDGMENT [*]

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Andre Strauss, a federal prisoner proceeding pro se, appeals the district court's dismissal of his complaint for failure to prosecute the claim.

Appellant is currently incarcerated at FCI–Englewood in Colorado. Appellant filed an action pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging that numerous employees of the prison violated his civil and constitutional rights by interfering with his legal mail, denying him access to the courts, threatening him with physical harm, and denying him adequate medical treatment. On May 1, 2000, Defendants filed a motion to dismiss Mr. Strauss's complaint. Appellant sought and obtained six extensions of time from the magistrate judge to respond to the motion to dismiss. On September 21, 2000, the magistrate judge ordered Appellant to file his response by October 5, 2000, or she would recommend dismissal of the complaint for his failure to prosecute. Finally, on October 25, 2000, the magistrate judge issued her recommendation that the case be dismissed; Appellant did not object to that recommendation. The district court adopted the magistrate judge's recommendation and dismissed the case for failure to prosecute.

Appellant moved for reconsideration, alleging that he had been transferred for resentencing, and thus had been unable to object to the magistrate judge's recommendation. The court denied Appellant's motion for reconsideration, observing that his failure to object to the recommendation "was only a small part of the problem" in failing to prosecute the claim. R. at 63.

We have previously adopted " 'a firm waiver rule' which provides that a litigant's failure to file timely objections to a magistrate's [report and recommendation] waives appellate review of both the factual

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and legal determinations." *Key Energy Resources Inc. v. Merrill,* 230 F.3d 1197, 1199–1200 (10th Cir.2000) (quotation omitted). The Supreme Court explained that without a firm waiver rule,

> any issue before the magistrate would be a proper subject for appellate review. This would either force the court of appeals to consider claims that were never reviewed by the district court, or force the district court to review every issue in every case, no matter how thorough the magistrate judge's analysis....

*Thomas v. Arn,* 474 U.S. 140, 148, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). While the waiver rule is not absolute "when the interests of justice so dictate," *Moore v. United States,* 950 F.2d 656, 659 (10th Cir.1991), given Appellant's repeated requests for extension and ongoing failure to respond to Defendants' motion to dismiss, justice does not dictate an amelioration of the rule in this case. As the district court noted, Appellant's failure to object was only a part of the problem.

We remind Appellant that because his motion to proceed *in forma pauperis* on appeal was denied, he must continue making partial payments on court fees and costs previously assessed until such have been paid in full. For the reasons stated above, the case is DISMISSED.