**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 29 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ERNEST E. WALKER,

   Plaintiff - Appellant,

v.

OFFICER DISNER; JOHN DOE OF
ARAPAHOE COUNTY DETENTION
FACILITY,

   Defendants - Appellees.

No. 02-1020
D.C. No. 00-S-1931
(D. Colorado)

---

**ORDER AND JUDGMENT**   *

---

Before **KELLY** and **BALDOCK** , Circuit Judges, and   **BRORBY** , Senior Circuit
Judge.

---

   After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Earnest Walker, a state prisoner appearing *pro se*, appeals the district court's order dismissing his amended complaint alleging, under 42 U.S.C. § 1983, that Officer Edward Disner, a Sheridan, Colorado, police officer, and an unidentified John Doe violated his civil rights.[1] The magistrate judge recommended that the complaint be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted. By separate order, the magistrate judge denied Mr. Walker's motion to amend his complaint for a third time. The district court affirmed the denial of the motion to amend and, adopting the magistrate judge's recommendation, dismissed the complaint. We affirm.

"We review de novo the district court's grant of a [Rule] 12(b)(6) motion to dismiss, bearing in mind that all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quotation and alteration omitted). The district court thoroughly and

---

[1] John Doe remains unknown and unserved. The district court informed Mr. Walker by order dated December 20, 2000, that he must provide sufficient information so that this defendant could be identified. Mr. Walker never provided further identifying information. Mr. Walker has waived his right to appellate review of the dismissal of this John Doe defendant because he did not raise any objections to the dismissal of this defendant in his objections to the magistrate judge's report and recommendation, *see Key Energy Res. Inc. v. Merrill (In re Key Energy Res. Inc.)*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000), or in his opening brief on appeal, *see Coleman v. B-G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997).

accurately described Mr. Walker's allegations, as contained in his amended complaint and his verified statement of facts filed in response to the motion to dismiss. Thus, we only briefly summarize them here.

Mr. Walker returned to the apartment he shared with his wife on the morning of September 28, 1999, after an argument with her the evening before. He could not unlock the door, and the apartment maintenance manager told him his wife had changed the locks and requested he not be allowed inside the apartment. Nevertheless, Mr. Walker admits he manipulated the locks on the door and entered the apartment. The maintenance manager called the police. Officer Disner and an unidentified fellow officer arrived, and were told by the maintenance manager that there was an unwanted person in the apartment.

The officers knocked on the door, but Mr. Walker was unable to answer at the time. The officers again knocked on the door and then forcibly entered the apartment. The officers handcuffed Mr. Walker. After searching his wallet, the officers told Mr. Walker he was being arrested for a violation of a restraining order. Although Mr. Walker's wife had previously obtained a restraining order against him, it was later determined that the restraining order had been vacated prior to September 28, 1999. The officers briefly searched the apartment, and then arrested Mr. Walker for criminal mischief for manipulating the locks and for violating a restraining order.

Mr. Walker contends Officer Disner violated his constitutional rights because he did not obtain a search warrant prior to entering his apartment and arrested him without probable cause. We agree with the district court that Officer Disner is entitled to qualified immunity because the facts, taken in the light most favorable to Mr. Walker, do not show that Officer Disner violated a constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001).

Absent exigent circumstances, police may not enter a citizen's home without a warrant. *Payton v. New York*, 445 U.S. 573, 590 (1980). Here, Mr. Walker admits that the police responded to a call of a suspected burglary and were told by the apartment maintenance manager that an unwanted person was in the apartment. He admits that he manipulated the locks to enter the apartment and that he did not respond to the officers' initial knock. Because the officers had received a burglary call, and upon arriving at the apartment, observed signs of a burglary, Officer Disner's entry into, and brief search of, the apartment were lawful pursuant to the emergency exception to the warrant requirement. *See United States v. Tibolt*, 72 F.3d 965, 970-71 (1st Cir. 1995) (holding that responding to report of possible burglary is exigent circumstance authorizing warrantless entry into home).

Furthermore, these same facts are sufficient to demonstrate that Officer Disner had probable cause to believe Mr. Walker had committed a criminal offense.

> A police officer may arrest a person without a warrant if he has probable cause to believe that person committed a crime. Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense.

*Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (quotations and citations omitted). Although Mr. Walker contends that Officer Disner lacked probable cause to arrest him for violating the restraining order, he ignores the fact that he was also arrested for criminal mischief for manipulating the locks on the apartment door. He offers no argument why Officer Disner lacked probable cause to arrest him for this charge. The district court correctly ruled that Mr. Walker failed to assert the violation of a constitutional right.

Mr. Walker alleges it was error for the district court to deny his motion to file a third amended complaint on grounds of futility. We review the district court's denial of a motion to amend a complaint for abuse of discretion. *See Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 596 n.9 (10th Cir. 1994). Officer Disner's motion to dismiss had been pending for two months when Mr. Walker filed his motion to amend. He did not detail the changes he sought

-5-

to make in his amended complaint or offer any justification for the proposed amendment. We find no abuse of discretion.

We AFFIRM the district court's judgment. We remind Mr. Walker to continue making partial payments until the entire balance of the appellate filing fee is paid.

Entered for the Court

Bobby R. Baldock
Circuit Judge