Lena A. ADEBIYI, for minor children, L.A.A. and L.A.A., Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant.

No. 02–CV–655 EA(C).

United States District Court, N.D. Oklahoma.

Feb. 18, 2004.

Gayle Louise Troutman, Troutman & Troutman PC, Tulsa, OK, for Lena A Adebiyi obo Lyndon A Adebiyi obo Landon A Adebiyi, plaintiff.

Loretta F Radford, United States Attorney, Tulsa, OK, Virginia Watson, Social Security Administration General Counsel, Dallas, TX, for Social Security Administration, Commissioner—Jo Anne B Barnhart, defendant.

### ORDER

EAGAN, District Judge.

On January 26, 2004, United States Magistrate Judge Paul J. Cleary entered a Report and Recommendation (Dkt.# 26) in this matter. The magistrate judge recommended that the decision of the Commissioner denying disability benefits to the claimant be reversed and remanded for further proceedings consistent with the

Report and Recommendation. No objection has been filed to the Report and Recommendation and the ten-day time period for such objections has run. *See* 28 U.S.C. § 636(b); Fed.R.Civ.P. 72(b). The Court has also independently reviewed the Report and Recommendation and sees no reason to modify or reject the findings and recommendations contained therein.

IT IS THEREFORE ORDERED that the Report and Recommendation (Dkt.# 26) is accepted as entered. The decision of the Commissioner is hereby reversed and remanded.

## REPORT AND RECOMMENDATION

CLEARY, United States Magistrate Judge.

Plaintiff Lena A. Adebiyi, on behalf of her minor children, Lyndon A. Adebiyi and Landon A. Adebiyi ("Claimants"), pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") reducing the amount of Child's Insurance Benefits payable under Title II of the Social Security Act, 42 U.S.C. § 403(a). This case has been referred to the undersigned. For the reasons discussed below, the undersigned recommends that the Court **REVERSE AND REMAND** the Commissioner's decision.

### Standard of Review

 Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater,* 113 F.3d 1162, 1164 (10th Cir.1997) (citation omitted). The term substantial evidence has been interpreted by the U.S. Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir.1991). Nevertheless, the court must review the record as a whole, and "the substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *see also Casias,* 933 F.2d at 800–01.

### Background

On May 23, 1996, Alfred Hill filed an application for retirement insurance benefits. (R. 41–43). In the application, he notified the Social Security Administration ("SSA") that he had been providing support for two biological sons, Landon and Lyndon Adebiyi, who might be eligible for Child Insurance Benefits ("CIB") on his record. *Id.* On June 7, 1996, Ms. Adebiyi filed for CIB on behalf of her sons. (R. 46–53). In September 1996, the Commissioner determined that Lyndon and Landon Adebiyi were the children of Mr. Hill and as such, they were entitled to CIB under Section 216(h) of the Social Security Act, 42 U.S.C. § 416(h). (R. 75–77). Pursuant to that determination, the SSA divided the auxiliary benefits payable on Mr. Hill's account between the two boys. (R. 78–82).

On May 27, 2001, Mr. Hill's wife, Margaret Hill, who retired from her job at the United States Postal Service, filed an application for Wife's Insurance Benefits ("WIB") and Medicare benefits payable on her husband's account. (R. 85–87). On June 5, 2001, the SSA sent a "Notice of Planned Action" to Ms. ADEBIYI notify-

ing her of Ms. Hill's application for benefits. (R. 88). The SSA explained that when it began payments to Ms. Hill, the children's monthly benefit amounts would be reduced from $529 to $353 each because of the limit on how much the SSA could pay on Mr. Hill's account. (R. 29, 88). The SSA issued a "Determination of Benefit Adjustment" on July 2, 2001 reducing the children's CIB payments to $353 each, effective May 2001. (R. 94–97). In response to Ms. Adebiyi's request for reconsideration, the SSA issued the following explanation for the reduction in each boy's CIB payments:

> Section 203(a) of the Social Security Act limits the total amount of benefits payable each on any single Social Security record. The family maximum amount on Alfred Hill's record is $2470.60 effective with May 2001. Of this amount, $1411.00 is the primary insurance amount upon which Mr. Hill's own benefit is based. The remaining amount, or $1059.60, is then divided equally with the other persons entitled on Mr. Hill's record. Since 2 persons besides [Lyndon/Landon] are entitled, your share of the family maximum amount is one-third of $1059.60, or $353.20.

> It does not matter if the other person [Ms. Hill] is not receiving her monthly benefit on the record. Your monthly benefit amount if reduced is based on the entitlement of another person on Mr. Hill's social security record.

(R. 103). Accordingly, the SSA determined that the "family maximum" amount of benefits payable on Mr. Hill's account was $2470.60; $1411.00 payable to Mr. Hill and the remaining amount of $1059.60 divided among the three persons entitled on Mr. Hill's account—Ms. Hill, Lyndon and Landon Adebiyi.

Plaintiff requested a hearing on September 25, 2001. (R. 106–111). After conducting a hearing on February 26, 2002, Administrative Law Judge David W. Engel ("ALJ") issued a decision on March 27, 2002 affirming the reduction of benefits payable to Lyndon and Landon Adebiyi "based on recalculation of the family maximum amount following entitlement by a third person [Ms. Hill] to benefits on this record." (R. 19–38, 8–14). The Appeals Council denied review and, therefore, the ALJ's decision is the final decision for purposes of further review.

### Review

Plaintiff contends that the ALJ committed legal error by failing to consider only the amount of Wife's Insurance Benefits *actually due or payable* to Ms. Hill as a person "dually entitled" to both WIB and a government pension in determining the amount of total monthly benefits payable to claimants on Mr. Hill's record. The ALJ found no legal requirement that Ms. Hill's WIB be payable; consequently, whether Ms. Hill's WIB payments were subject to full offset due to receipt of her government pension did not matter in the determination of the family maximum. (R. 13). Based on 42 U.S.C. § 403(a) and 20 C.F.R. § 404.404, the ALJ concluded that the amount of monthly benefits for auxiliary beneficiaries based on Mr. Hill's account should be divided equally among the claimants and Ms. Hill as she was "entitled" to WIB, regardless of whether she was paid the benefit. *Id.* For the reasons set forth below, the undersigned recommends that the decision of the ALJ be **REVERSED AND REMANDED** for determination of whether Ms. Hill is a "dually-entitled" person under 20 C.F.R. § 404.403(a)(5) or otherwise situated so as to exclude her WIB in the computation required under 42 U.S.C. § 403(a).

The Social Security Act provides benefits for spouses and minor children of retired and disabled wage earners. 42 U.S.C. § 402(b) and (d). Section 403(a) of

the Act states in pertinent part that "the total monthly benefits to which beneficiaries may be entitled under section 402 or 423 of this title for a month on the basis of the wages and self-employment income of [an] individual [wage-earner] shall ... be reduced as necessary so as not to exceed [the maximum amount set by statute]." 42 U.S.C. § 403(a)(1). This statutory limit for child and spousal benefits based on a single worker's record is referred to as the "family maximum." 20 C.F.R. § 404.304(d).[1] The family maximum amount of benefits is based on the insured wage earner's Primary Insurance Amount ("PIA") determined according to a table in Section 215(a) of the Act, 42 U.S.C. § 415(a). Once the family maximum is determined based on the PIA, the SSA proportionately reduces all benefits payable to a spouse and/or child(ren) of the wage earner (without affecting the primary wage earner amount) so that the total amount paid does not exceed the family maximum. 20 C.F.R. § 404.404.

As noted above, the SSA determined that the "family maximum" amount of benefits payable on Mr. Hill's account was $2470.60, based on Mr. Hill's PIA of $1411.00. Prior to Ms. Hill's application for WIB, $1059.60, the amount remaining after subtraction of Mr. Hill's benefit of $1411.00 from the PIA, was divided equally between his two sons, Lyndon and Landon, resulting in CIB monthly payments of $529.80 each. As a result of Ms. Hill's application, the SSA included her as an auxiliary beneficiary based on Mr. Hill's record and recalculated the benefits to Ms. Hill, as his spouse, and Landon and Lyndon, as his children, by dividing $1059.60 three ways, resulting in benefits in the amount of $353.20 each.

Plaintiff contends that the Commissioner's resulting reduction in benefits to the claimants was in error as no auxiliary benefit was actually paid to Ms. Hill because of the offset of her government pension from the Postal Service against her WIB amount. Pursuant to 42 U.S.C. § 402(b)(4)(A), the amount of Ms. Hill's WIB must be reduced by an "amount equal to two-thirds of the amount of any monthly periodic benefit payable to the wife ... for such month which is based upon her earnings while in the service of the Federal Government." The pertinent regulation regarding this offset is addressed in 20 C.F.R. § 404.408a(a) which provides: "your monthly Social Security benefits as a wife ... will be reduced each month you are receiving a monthly pension from a Federal State, or local government agency ... for which you were employed in work not covered by Social Security." Though the determination of Ms. Hill's application for WIB is not in the administrative record, a "Notice of Annuity Adjustment" from the United States Office of Personnel Management to Margaret Hill shows that Ms. Hill was receiving a gross monthly government annuity of $1758. (R. 91). Plaintiff contends that when the offset in § 402(b)(4)(A) is applied, Ms. Hill's WIB payment would be reduced to zero and accordingly no WIB would be paid by the SSA. Plaintiff argues that Ms. Hill must not only be "entitled" to WIB but must be "paid" WIB before she is included as an auxiliary beneficiary under Mr. Hill's record. At the hearing before the ALJ, plaintiff objected that "[i]t's like they're dividing this pie—between three people, but they're only giving the pie to two people.... If they're not paying her [Ms.

---

1. The "family maximum" is defined under the regulations as "the maximum amount set for each insured person's earnings record that limits the total benefits payable on that record. If you are entitled to benefits as the insured's dependent or survivor, your benefits may be reduced to keep total benefits within these limits."

20 C.F.R. § 404.304(d).

Hill], why should they continue to take the benefits from the children." (R. 27, 34).

In his decision, the ALJ does not make any finding as to whether Ms. Hill's WIB was payable. Rather, he finds that the CIB payments are properly reduced because "[e]ffective May 2001, Alfred Hill's legal spouse, Margaret Hill, became entitled to benefits as a wife on his record." (R. 13). The ALJ thus concludes that "entitlement" to WIB is sufficient, whether or not such benefit is payable:

> Initially, only the two children, Landon and Lyndon, were entitled, so the difference between the family maximum and the primary insurance amount was a 50/50 split. However, when the number holder's legal spouse, Margaret Hill, became entitled to benefits, then a recomputation was necessary to divide the difference between the family maximum amount and the primary insurance amount by three (3) people. *There is no legal requirement for the benefit to actually be payable. Consequently, the fact that the benefit amount to which the claimant's legal spouse is entitled is subject to full offset due to receipt of her government pension does not matter.*

(R. 13) (emphasis added). Plaintiff contends that this ruling is contrary to 20 C.F.R. § 404.403(a)(5) which requires that Ms. Hill's WIB be payable before reducing the total benefits for the family maximum.

Section 404.403, the regulation regarding reductions when the total monthly benefits exceed the family maximum, was amended in 1999 to add the following provision:

> When a person entitled on a worker's earnings record is also entitled to benefits on another earnings record, we consider only the amount of benefits actually due or payable on the worker's record to the dually-entitled person when determining how much to reduce total month-

ly benefits payable on the worker's earnings record because of the maximum. 20 C.F.R. § 404.403(a)(5). The SSA promulgated this regulation in response to the First Circuit Court of Appeals decision in *Parisi v. Chater*, 69 F.3d 614 (1st Cir. 1995). *See* Final Rule, *Reduction of Title II Benefits Under the Family Maximum Provisions in Cases of Dual Entitlement*, 65 Fed.Reg. 38424–01, 38425 (June 21, 2000) ("Final Rule"). Prior to the amendment, the SSA had interpreted the statutory maximum set forth in 42 U.S.C. § 403(a) as including "all benefits of the claimants who were entitled on the worker's record without considering whether the benefits were actually due or payable." *Id.* The First Circuit in *Parisi* rejected this interpretation, holding that a reduction under the family maximum should not include a spousal benefit that was not payable. The SSA ultimately agreed with the court's interpretation and amended the regulation.

In *Parisi*, a child of a disabled worker was receiving dependent child's benefits based on his father's account. The worker's spouse, Adriana Parisi, became entitled to retirement benefits (old-age benefits) based on her own earnings record. Pursuant to 42 U.S.C. § 402(r)(1), she was automatically deemed to have also applied for and become entitled to spousal benefits based on her husband's earnings record. The SSA determined that because the monthly retirement benefits Ms. Parisi was entitled to receive on her own exceeded the amount of her monthly spousal benefits on her husband's earnings record, she could only receive payment for the retirement benefits payable on her own record. However, the SSA counted the benefits to which she was entitled, but not actually paid, toward the family maximum amount payable on her husband's earnings record. Because the total monthly amount of the worker's disability benefits, the

plaintiff's dependent child benefits, and the spousal benefits exceeded the monthly family maximum limit, the SSA reduced the amount of the plaintiff's and the wife's (non-payable) monthly benefits. On administrative appeal, the ALJ found the "non-payable spousal benefits should *not* be counted toward the family maximum." *Parisi*, 69 F.3d at 615–16. The Appeals Council reversed, and on judicial appeal, the district judge agreed with the ALJ. *Id.*

The First Circuit affirmed the district court, holding that the language of § 403(a) "operates to limit the total amount of benefits actually *payable* on a single worker's record, not the amount of entitlements theoretically available." *Id.* at 622 (emphasis in original). In so holding, the court rejected the SSA's claim that the text of § 403(a) requires that all "entitlements" be considered in the family maximum calculation, which included Ms. Parisi's "entitlement" to spousal benefits under § 402(b)(1). The First Circuit reasoned that § 403(a) "places a limit not on entitlements *per se*", but rather on "the total monthly *benefits* to which beneficiaries may be entitled *under section 402* . . . ." *Id.* at 618 (emphasis in original). Although § 402(b)(1) may have entitled Ms. Parisi to spousal benefits, application of § 402(k)(3)(A)[2] resulted in "reducing to *zero* the payable amount" of those benefits. *Id.* at 617 (emphasis in original). Therefore, the "total *benefits* to which Adriana Parisi might be deemed 'entitled' under section 402 when that section is considered in its entirety—amount to *zero*." *Id.* at 618 (emphasis in original).

The circuit court also rejected the agency's interpretation that the phrase "after any reduction . . . under section 403(a)" required the reduction for family maximum under § 403(a) to be computed *before* the § 402(k)(3)(A) reduction, thus treating Ms. Parisi's spousal benefits as fully payable. *Id.* at 619. Rather, the First Circuit interpreted the statutes as entitling the beneficiary "to an amount equal to the larger of the two simultaneous benefits in question." *Id.* at 619 n. 4.

> Section 402(k)(3)(A) is triggered when an individual who is entitled to old-age benefits on her own social security record (as Adriana is in this case) is *also* facially entitled to some other simultaneous benefit (in this case, spousal benefits on Parisi's account). In substance, section 420(k)(3)(A) has the effect of authorizing such an individual to receive payment of the larger of the two simultaneous benefits, but not both. Thus, section 402(k)(3)(A) requires comparing the size of the beneficiary's "other" benefit with her own old-age benefit. The "after any reduction under section 403(a)" language in section 402(k)(3)(A) ensures that, in determining the amount of the "other" simultaneous benefit in question, the calculation will take into account any reduction to the "other" benefit that would otherwise be required under section 403(a). This prevents the old-age beneficiary from receiving, by operation of the simultaneous benefits provision, any amount of benefits that would otherwise be excluded as exceeding the cap imposed by section 403(a).

*Id.* at 619 (footnotes omitted). Because the total monthly benefits to which Ms. Parisi may be entitled under § 402 on the basis of her husband's record was zero, the circuit court concluded that the benefits

---

**2.** Section 402(k)(3)(A) provides in pertinent part:

> If an individual is entitled to an old-age or disability benefit for any month and to any other monthly insurance benefit for such

month, such other insurance benefit for such month . . . shall be reduced, but not below zero, by an amount equal to such old-age or disability insurance benefit. . . .

42 U.S.C. § 402(k)(3)(A).

available under § 402 on his record did not exceed the family maximum and the child's benefits should not be reduced.

The SSA expressly adopted the *Parisi* court's holdings in amending 20 C.F.R. § 404.403. Final Rule, 65 Fed.Reg. at 38425 ("As a result of the Court's decision [in *Parisi*], we reassessed our interpretation in our prior regulations and consistent with our rules on acquiescence which were designed to restore national uniformity to our programs, we decided to adopt the court's holdings nationwide.").[3] Therefore, if applicable to plaintiff's claim herein, § 404.403(a)(5) would preclude the SSA from counting Ms. Hill's non-payable spousal benefits in determining the total monthly benefits available on Mr. Hill's account.

The Commissioner argues that § 404.403(a)(5) does not apply in this case as Ms. Hill is not a "dually-entitled person." The Commissioner asserts that the amended regulation is limited to cases in which the claimant is entitled to benefits on two social security earnings records, rather than one social security earnings record and a government pension.

Plaintiff objects to the Commissioner's *post hoc* argument that Ms. Hill is not a "dually-entitled person" so as to make § 404.403(a)(5) inapplicable herein. She points out that neither the SSA nor the ALJ ever referred to § 404.403(a)(5), much less determined that it was inapplicable in this case, and that the Court's

review is limited to the grounds invoked by the ALJ in his decision.

The undersigned agrees that there is no reference in the administrative record to any consideration by the SSA or the ALJ of the applicability of § 404.403(a)(5) or of the *Parisi* court's statutory interpretation of § 403(a) of the Act (adopted by the SSA in promulgating § 404.403(a)(5)) in their determinations that Ms. Hill's spousal benefits should be included in the total monthly benefits for auxiliary beneficiaries based on Mr. Hill's account. As the ALJ did not consider (1) the applicability of § 404.403(a)(5) to the claim, or (2) whether the SSA's adoption of the *Parisi* court's statutory interpretation of § 403(a) directs the exclusion of Ms. Hill's WIB from the total monthly benefits available on Mr. Hill's record, the undersigned recommends the case be remanded for such determinations.[4] Remand is appropriate not only to allow the ALJ to make these legal determinations in the first instance, but also to develop the record and make factual findings regarding the SSA's consideration and disposition of Ms. Hill's application for WIB in light of her government annuity.

Based upon the foregoing, the undersigned recommends that the decision of the Commissioner denying disability benefits to Claimants be **REVERSED AND REMANDED** for further proceedings consistent with the above.

### Objections

In accordance with 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b), a party may file

---

**3.** The SSA initially issued an Acquiescence Ruling ("AR") on January 13, 1997, 62 Fed. Reg. 1792, (AR 97–1(1)) recognizing the decision in *Parisi* as applicable to claims for benefits in the First Circuit. The SSA rescinded AR 97–1(1) on October 27, 1999, when it published the final rules amending § 404.403 and applying the *Parisi* holding nationwide. *See* 64 Fed.Reg. 57919–02.

**4.** The undersigned notes that the SSA adopted the *Parisi* court holdings (plural) in promulgating § 404.403(a)(d)—holdings which include the First Circuit's interpretation of §§ 402 and 403(a) of the Act. Given the *Parisi* court's interpretation of the statutes, the undersigned questions whether Ms. Hill's non-payable spousal benefits can be included in the total monthly benefits available on Mr. Hill's record, regardless of whether § 404.403(a)(2)(d) specifically applies.

specific written objections to this Report and Recommendation, but must do so within ten days after being served with a copy of this Report and Recommendation. If specific written objections are timely filed, the District Judge assigned to this case will make a *de novo* determination in accordance with Rule 72(b). A party waives District Court review and appellate review by failing to timely file objections. *In re Key Energy Resources, Inc.,* 230 F.3d 1197 (10th Cir.2000).

Jan. 26, 2004.