F I L E D
United States Court of Appeals
Tenth Circuit

NOV 30 2004

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DARRYL RASDALL,

     Plaintiff-Appellee,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

     Defendant-Appellant.

No. 03-3378
(D.C. No. 01-CV-4043-JAR)
(D. Kan.)

ORDER AND JUDGMENT *

Before **LUCERO** , **McKAY** , and **PORFILIO** , Circuit Judges.

The Commissioner appeals from a district court order reversing the denial

of social security benefits and remanding for further proceedings on the issue of

disability. Despite its inconclusive effect on the ultimate determination, the

district court's order is a final, appealable disposition. See Baca-Prieto v. Guigni ,

95 F.3d 1006, 1009 (10 th Cir. 1996) (discussing Sullivan v. Finkelstein , 496 U.S.

---

*     The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10 th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

617, 625 (1990)). As explained below, however, there is a separate procedural deficiency in the Commissioner's appeal that necessitates dismissal.

This case was referred at the outset to a magistrate judge, who issued an extensive report and recommendation in favor of reversal. After the time period for objections expired without any response from the Commissioner, the district court adopted the magistrate judge's recommendation and entered judgment accordingly. The Commissioner then filed a motion asking the court to consider her belated objections and set aside the judgment. The district court considered and rejected the Commissioner's objections, and let the extant judgment stand. After an unsuccessful motion to alter or amend the judgment, the Commissioner commenced this appeal.

"This court has adopted a firm waiver rule which provides that a litigant's failure to file timely objections to a magistrate's report and recommendation waives appellate review of both the factual and legal determinations." Key Energy Res. Inc. v. Merrill (In re Key Energy Res. Inc.), 230 F.3d 1197, 1199-1200 (10 th Cir. 2000) (quotation omitted). A counseled party may avoid the waiver only by demonstrating that suspension of the rule is "dictate[d]" by "the interests of justice." Id. at 1200 (quotation omitted). This exception is a narrow one, id., and no justification for invoking it has been offered or affirmatively appears from the circumstances of record.

On appeal, the Commissioner does not even acknowledge the relevant case law and, thus, has made no effort to argue any basis for avoiding the waiver rule. When submitting the untimely objections to the district court, the Commissioner attributed the delay to an "oversight" due to internal "mis-communication." App. Vol. 1 at 58. Under our circuit precedent, this generic excuse falls far short of an adequate justification for suspending the waiver rule. See Key Energy Res. Inc., 230 F.3d at 1201 (rejecting counsel's *hospitalization* as an adequate excuse and indicating that exception to waiver rule requires circumstance in which "counsel was unable to timely file for an extension of time in which to prepare and file his objections").

The Commissioner's appellate brief does note that the district court elected to consider (and reject) the untimely objections on the merits. But the law is clear in this circuit that such discretionary largess by the district court does not negate the *appellate*-waiver consequences of failing to object in a timely manner to the magistrate judge's report and recommendation. See id. at 1201 n.3 (following Vega v. Suthers, 195 F.3d 573, 580 (10th Cir. 1999), to hold that district court review of untimely objection "would not preclude application of the waiver rule or somehow 'revive' [the waived] claims").

As explained above, the Commissioner has waived appellate review.  This appeal is, accordingly, DISMISSED.

Entered for the Court


Carlos F. Lucero
Circuit Judge