**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ALEMAYEHU GETACHEW,

    Plaintiff-Appellant,

v.

7-ELEVEN,

    Defendant-Appellee.

No. 05-1018
(D.C. No. 02-M-2218 (PAC))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **O'BRIEN** , **HOLLOWAY** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Alemayehu Getachew, proceeding pro se, appeals the district court's grant

of summary judgment to his former employer 7-Eleven, Inc. in this action alleging

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

national origin discrimination and harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

Mr. Getachew was born in Ethopia. On June 3, 2001, he assumed the management of a 7-Eleven store at 595 Havana St. in Aurora, Colorado. Kevin Grim was the 7-Eleven field consultant in charge of the Havana store and several others, so he was Mr. Getachew's supervisor.

The Havana store was short-staffed, and Mr. Getachew had to work numerous hours per week. Initially 7-Eleven was pleased with Mr. Getachew's performance. But Mr. Grim soon began counseling Mr. Getachew regarding his performance of the established 7-Eleven protocols designed to reduce merchandise and cash shortages. Mr. Grim also noted that Mr. Getachew was not timely placing certain merchandise orders. During this litigation, Mr. Getachew conceded that he was not performing some controls and was not always placing orders in the time frames established by 7-Eleven, but pointed out that he was short-handed and simply did not have the time.

On August 28, 2001, Mr. Grim informed Mr. Getachew that he was being demoted to shift manager at another store. There is a dispute whether Mr. Getachew quit his employment immediately upon learning of his demotion, or

whether he quit and turned in his keys at the other store the next day. In any event, Mr. Getachew's employment ended as a result of his demotion.

On June 20, 2002, Mr. Getachew filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that he was subjected to discrimination and harassment because of his national origin. He received a right-to-sue letter, and on November 26, 2002, he filed his Title VII complaint. During the course of the litigation, he sought leave to amend his complaint to add claims of violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, and violations of his constitutional rights, but the district court denied him leave to add those claims. On December 14, 2004, the district court granted summary judgment to 7-Eleven on Mr. Getachew's Title VII claims. Mr. Gettachew appeals.

II

In addition to challenging the district court's merits decision on his Title VII claims, on appeal Mr. Getachew raises several other issues concerning the district court's handling of his case.

First, he contends that 7-Eleven's attorneys violated applicable rules of professional conduct by arguing that his EEOC charge was untimely. Our review of the record finds no support for this argument.

Mr. Getachew also complains that he was not provided with the "Notice to Parties Who Have No Lawyer" that the district court makes available to pro se litigants. He argues that the lack of the notice hindered his ability to negotiate settlement and that, because he did not have the notice, he did not know that he had to confer with opposing counsel before filing a motion. He does not, however, show that the pro se notice, or the fact that he was not immediately given one, played any role in the district court's grant of summary judgment to 7-Eleven. Even assuming there was error in not providing Mr. Getachew with the notice, it was not reversible error.

Mr. Getachew further complains that he was prevented from correcting approximately two-thirds of his deposition, so that it contained many uncorrected errors. But he does not identify any of the allegedly uncorrected portions or explain how any such alleged errors may have played any part in the district court's grant of summary judgment. This court will not sift through the record to find support for a plaintiff's arguments, *see SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992), nor will we construct his arguments for him, *see Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999).

Next, Mr. Getachew alleges that the magistrate judge favored 7-Eleven's attorneys over him by strictly enforcing rules for him but being lenient with 7-Eleven. Our review of the record finds no support for this argument.

He also contends that the magistrate judge overruled a September 21, 2004, district court order. The record on appeal does not include the orders challenged by Mr. Getachew. The district court's docket sheet, however, reflects only one September 21, 2004, district court order, an order referring Mr. Getachew's motion for a court-ordered settlement conference to the magistrate judge. The magistrate judge denied Mr. Getachew's motion. In these circumstances, we cannot conclude that the magistrate judge's ruling on a matter referred to her by the district court resulted in any overruling of the district court's order.

Mr. Getachew also argues on appeal that 7-Eleven violated the FLSA, was negligent per se, and violated Mr. Getachew's constitutional rights. None of these claims were before the district court, however, because it did not allow Mr. Getachew to add claims to his Title VII action.[1] Therefore, we will not

---

[1] Our review of the record does not indicate that Mr. Getachew ever asserted a negligence per se claim before the district court. His FLSA issues were raised in a filing, made more than four months after the amendment deadline, that the district court treated as a statement, not a motion to amend. His constitutional claims were raised in a motion to amend filed almost eight months after the amendment deadline and more than a month after the discovery cut-off. Mr. Getachew did not file objections to the magistrate judge's recommendation that his motion to amend be denied, and thus he has waived appellate review of that issue. *See Key Energy Res. Inc. v. Merrill (In re Key Energy Res. Inc.)*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). In any event, we review a denial of leave to amend a complaint for abuse of discretion, *see Long v. United States*, 972 F.2d 1174, 1183 (10th Cir. 1992), and we would not find an abuse of discretion in the district court's refusals to entertain Mr. Getachew's additional claims, in light of the untimeliness of his attempts to assert them.

address them on appeal. *See Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1185 (10th Cir. 1999).

Mr. Getachew's remaining arguments challenge the district court's grant of summary judgment to 7-Eleven on the Title VII claims. Having reviewed the case de novo, *see Sanchez v. Denver Pub. Sch.,* 164 F.3d 527, 531 (10th Cir. 1998), we find no reversible error in the decision to grant summary judgment to 7-Eleven, and we affirm the district court's decision substantially for the reasons stated in its order dated December 14, 2004.[2]

### III

Mr. Getachew's request for counsel, made in his reply brief, is denied. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[2] Mr. Getachew complains that the decision granting summary judgment was filed on November 15, 2004, even though he had been granted until November 24, 2004, to file a written supplement to oral argument. The district court's docket sheet does state that the order was signed on November 14, 2004, and that judgment was entered on November 15, 2004. Docket information, however, comes from the documents themselves. The order is clearly dated December 14, 2004, and the judgment is clearly dated December 15, 2004. To the extent that the docket sheet indicates otherwise, it is in error.