**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 26, 2007**

**TENTH CIRCUIT**

ROBERT C. OCHS,

          Petitioner-Appellant,

v.

STANLEY MOYA, New Mexico
Penitentiary Warden, and ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

          Respondents-Appellees.

No. 06-2144

(D. of N.M.)

(D.C. No. CIV-05-337-MV/RHS)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

Robert Ochs is a state prisoner incarcerated at the New Mexico Penitentiary in Santa Fe. Proceeding *pro se*, he seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition for a writ of

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

habeas corpus. The district court denied the petition on the basis of the Report and Recommendation of the magistrate judge, who concluded Ochs's petition was without merit. Because Ochs failed to object to the recommendation of the magistrate judge, we conclude he has waived his right to appellate review and, accordingly, we deny his request for a COA.

## I. Background

Following a trial by jury in 2003, Ochs was convicted of arson and tampering with evidence. The trial court sentenced him to ten-and-one-half years imprisonment. In New Mexico, arson consists of "starting a fire . . . with the purpose of destroying or damaging property of another." N.M.S.A. § 30-17-5-(A). Ochs apparently set fire to a Ford Taurus that the State at trial established belonged to his grandfather. There was disputed testimony on the issue, however, and Ochs's grandfather testified "he had given the car to Mr. Ochs and that he considered the car Mr Ochs' to do with as he wished."

Nevertheless, the New Mexico Court of Appeals affirmed Ochs's conviction and the New Mexico Supreme Court denied his request for a writ of certiorari. Ochs's state habeas petition was subsequently denied and Ochs did not appeal that decision. He filed his federal habeas petition in March 2005, which the magistrate judge construed as a claim seeking reversal of conviction on grounds of insufficient evidence. New Mexico filed a motion to dismiss.

After reviewing the record, the magistrate judge concluded that Ochs's submission failed to meet the standard under § 2254(d)(2), which allows a federal court to grant habeas relief in a state case only if the state decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." The magistrate judge noted at trial the parties presented disputed evidence as to who owned the damaged car—the State's evidence showing Ochs's grandfather held title to the car whereas the grandfather testified he had given the car to Ochs as a gift. Nevertheless, the magistrate judge reasoned it was not the province of the reviewing court to "weigh conflicting evidence nor consider the credibility of the witnesses. Rather, the Court must accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996) (internal quotation omitted). Concluding Ochs was unable to make the requisite showing of unreasonableness under § 2254(d)(2), the magistrate judge recommended Ochs's petition be dismissed.

The magistrate judge's Report and Recommendation further provided that:

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. *If no objections are filed, no appellate review will be allowed.*

Mag. J. R&R at 5–6 (emphasis added).  It is undisputed that Ochs did not file objections to the magistrate judge's Report & Recommendation.

## II.  Discussion

By failing to file written objections to the magistrate judge's Report and Recommendation, Ochs waived his right to appellate review of the determinations of law and fact made by the courts below.  *See Key Energy Resources, Inc. v. Merrill*, 230 F.3d 1197, 1199–1200 (10th Cir. 2000); *Vega v. Suthers* 195 F.3d 573, 579–80 (10th Cir. 1999); *Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1265–68 (10th Cir. 1999).  The waiver rule applies with equal force to a *pro se* party provided he "was properly informed of the consequences of his failure to object," *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996), unless the "interests of justice" require review.  *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005).

The magistrate judge's Report and Recommendation was explicit in its adoption of the waiver rule and thus we conclude that Ochs was "properly informed" of the consequences for failing to object.  Nor has Ochs provided any reason excusing our requirement that he file specific objections to the Report and Recommendation that would satisfy the interests of justice exception.  Accordingly, Ochs waived his right to appellate review of the district court's factual and legal determinations.

## III. Conclusion

For the reasons stated above, we conclude Ochs waived his right to appellate review and DENY his request for a COA.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge