**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERT A. NEELY,

      Plaintiff-Appellant,

  v.

JOE ORTIZ, C.D.O.C.; OFFENDER
SERVICES, Classification,
C.D.O.C.; JOHN DOE; CHIEF
MEDICAL OFFICER, C.D.O.C.;
JOHN DOE; ANTHONY DECESERO,
C.D.O.C.; CORRECTIONAL
CORPORATIONS OF AMERICA,
Executive Director; H. BRILL,
K.C.C.C.; J. FUCHS, K.C.C.C.; MS.
BLAKE, K.C.C.C.; MS. WEDERSKI;
HILL, Nurse, K.C.C.C.; DR. RAND,
K.C.C.C.; DR. MCGARRY, C.D.O.C.;
DR. BLOOR, C.D.O.C.; MS. BLAIR,
K.C.C.C.; MS. BARBER, K.C.C.C.;
WARDEN WATKINS, F.C.F.; DR.
CREANY, F.C.F.; MASTERSON,
F.C.F.,

      Defendants-Appellees.

No. 06-1314
(D.C. No. 03-cv-616-EWN-PAC)
(D. Colo.)

---

**ORDER AND JUDGMENT** [*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

Robert A. Neely, proceeding pro se, appeals the district court's judgments in favor of defendants in this suit under 42 U.S.C. § 1983 and Colorado state law. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

Defendants are employees and agents of the Colorado Department of Corrections (CDOC) and employees of the Kit Carson Correctional Center (KCCC), a private correctional facility. Neely's claims primarily focus on the denial and delay of medical treatment for Hepatitis C and a hernia during his incarceration. His amended complaint alleged violations of his constitutional rights to due process and medical treatment and state-law claims of medical malpractice, intentional infliction of emotional distress, and negligence.

Defendant Ortiz filed a motion to dismiss and defendant DeCesaro filed a motion for summary judgment or, in the alternative, to dismiss. On September 1, 2004, the magistrate judge recommended granting the motions. Over Neely's objections, the district court ordered judgment in favor of Ortiz and DeCesaro.

Court-located volunteer counsel subsequently entered his appearance for Neely. Neely moved for partial summary judgment, and CDOC defendants McGarry, Bloor, Watkins, Creany, and Masterson and KCCC defendants Wederski, Hill, Brill, and Fuchs moved for summary judgment. On March 2,

2006, the magistrate judge recommended that Neely's motion for partial summary judgment be denied and that the Eighth Amendment claims against McGarry, Bloor, Creany, and Hill be allowed to continue. She also recommended granting judgment to all defendants on the due process and state law claims and dismissing Watkins, Masterson, Fuchs, Wederski, Brill, Blake, and the Director of the Corrections Corporation of America. She noted some defendants had not moved for summary judgment and therefore concluded that any remaining claims against them should continue. Neely did not file any objections to the magistrate judge's recommendation. McGarry, Bloor, Creany, and Hill objected to the recommendation on the Eighth Amendment claims. The district court accepted the recommendation in part, granting judgment against Neely as recommended, and denied it in part after determining that all defendants were entitled to summary judgment on all remaining claims. It also struck Neely's partial summary judgment motion for failure to comply with the court's standards.

We review de novo the district court's dismissal and grant of summary judgment. *Santana v. City of Tulsa*, 359 F.3d 1241, 1243 (10th Cir. 2004). Because Neely represents himself on appeal, we construe his filings liberally. *Id.* Neely contends (1) the district court should have handled his case more systematically; (2) he should have had a trial because some claims were never addressed, some defendants never moved for summary judgment, and the KCCC defendants were not entitled to qualified immunity; (3) his counsel was

ineffective; (4) the district court erred in holding his claim for injunctive relief was moot; (5) the magistrate judge erred in recommending judgment for defendant Masterson and in dismissing the due process claims; (6) the district judge allowed anger over counsel's failure to comply with the judge's standards to guide his decisions, including striking Neely's motion for partial summary judgment; and (7) the magistrate judge's decision was more informed than the district court's ultimate ruling.

Neely cannot now challenge the disposition of most of his claims. Under our "firm waiver rule," a party who fails to file timely objections to a magistrate judge's report and recommendation waives appellate review. *See Wirsching v. Colorado*, 360 F.3d 1191, 1197 (10th Cir. 2004) (quotation omitted). Neely did not object to the March 2, 2006, report and recommendation. Therefore, the firm waiver rule bars our consideration of all issues resolved against him by that recommendation.[1] Neely did object to the magistrate judge's September 1, 2004,

---

[1]     This court may decide not to apply the firm waiver rule "when the interests of justice so dictate." *See Wirsching*, 360 F.3d at 1197 (quotation omitted). We find no reason to apply this exception in this case, especially given that Neely was counseled at the time.

Neely asserts on appeal that his counsel was ineffective, and we recognize that the magistrate judge refused his request to release his counsel from the case. *See* R., Vol. II, Doc. 227 at 2; *id.*, Doc. 229 at 1. The record does not show that Neely made any further efforts to have his counsel relieved, either by filing objections with the district court or making any further complaints to the magistrate judge. Because Neely did not adequately raise this issue in the district court, he cannot now argue it on appeal. *See Wirsching*, 360 F.3d at 1197 (discussing firm waiver rule); *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896

(continued...)

report and recommendation, and obviously he is not required to object to recommendations in his favor. Thus, we may still review the following issues: (1) the disposition of the claims against Ortiz and DeCesaro; and (2) the grant of summary judgment to McGarry, Bloor, Creany, and Hill on the Eighth Amendment claims.[2] We also may review the court's disposition of the claim for injunctive relief and its striking of Neely's motion for partial summary judgment, as those decisions did not stem from the magistrate judge's recommendations.

The district court thoroughly analyzed Neely's claims. Substantially for the reasons expressed in the September 1, 2004, report and recommendation and the September 28, 2004, district court order, we hold that the district court did not err in granting judgment to defendants Ortiz and DeCesaro. Also, substantially for the reasons expressed by the June 22, 2006, district court order, we hold that the district court did not err in granting judgment to defendants McGarry, Bloor, Creany, and Hill on the Eighth Amendment claims. As the district court noted, Neely did not challenge the constitutionality of the CDOC's Hepatitis C treatment

---

[1](...continued)
(10th Cir. 1992) (noting this court does not generally consider issues not raised below); *see also Gripe v. City of Enid*, 312 F.3d 1184, 1189 (10th Cir. 2002) (discussing general rule that clients are bound by their "counsels' inaction") (quotation omitted).

[2] Neely contends the district court acted sua sponte in granting judgment to Bair, Barber, and Rand. Apparently, however, Neely agreed that "the case should be dismissed in its entirety as to Defendants Rand, Bair, and Barber." R., Vol. III, Doc. 308 at 17 (district court's June 22, 2006 order). Accordingly, he cannot now complain about the court's entry of judgment in their favor.

policy.  R., Vol. III, Doc. 308 at 23 n.11.

Nor did the district court err in holding the request for injunctive relief moot.  Neely's amended complaint requested that the court order the prison officials to give him Interferon treatment.  Before the district court ruled, however, Neely began Interferon treatment, essentially receiving what he sought. Because the court could no longer grant any effective relief, the request for injunctive relief was moot.  *Osborn v. Durant Bank & Trust Co. (In re Osborn )*, 24 F.3d 1199, 1203 (10th Cir. 1994).

Finally, we review the order to strike for abuse of discretion.  *See Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1377 (10th Cir. 1996).  The district court struck the motion for non-compliance with the court's practice standards, which was within the court's discretion.  *See generally Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1552 (10th Cir. 1995) ("We are particularly loath to find that a district court abused its discretion with a decision regarding the enforcement of its own local rules.").  In any event, Neely was not prejudiced by the decision, as the district court simultaneously granted summary judgment to defendants on all claims and would have therefore denied the motion had it not stricken it.

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

-6-