**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 7, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STANTON A. SMITH,

      Plaintiff-Appellant,

v.

SDI INDUSTRIES, INC.,

      Defendant-Appellee.

No. 07-3114
(D.C. No. 06-CV-2053-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **ANDERSON**, Circuit Judges.

Plaintiff Stanton A. Smith appeals from an order of the district court
adopting the magistrate judge's recommendation to grant summary judgment to
defendant SDI Industries, Inc. because his claims against SDI Industries were
time-barred. Our review is precluded by plaintiff's failure to file objections to
the magistrate judge's report and recommendation, and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On January 3, 2006, plaintiff, through his original counsel, initiated a products liability action in state court against Siemens Dematic Corporation, the alleged manufacturer and supplier of a conveyor belt system installed at the J.C. Penney distribution center where plaintiff worked. Plaintiff alleged that he was injured on January 9, 2004, when a thirty-pound box fell off the conveyor belt system and landed on his head. Siemens removed the case to federal court.

Through deposition testimony, plaintiff discovered that the manufacturer and supplier of the conveyor belt system was defendant SDI Industries, not Siemens. Plaintiff filed a motion to substitute defendants, which was granted, and, on October 31, 2006, plaintiff filed an amended complaint naming SDI Industries as a defendant.

SDI Industries filed a motion to dismiss or, in the alternative, for summary judgment, arguing that plaintiff's claims were barred by the applicable two-year statute of limitations. The magistrate judge issued a thorough Report and Recommendation, concluding that plaintiff's claims against SDI Industries were time-barred because the uncontroverted facts showed that SDI did not have notice of plaintiff's claims during the limitations period and his claims therefore did not relate back to the filing of the original complaint. Plaintiff did not file objections to the magistrate judge's report. The district court noted that no objections had been filed, adopted the magistrate judge's recommendation, and granted summary judgment to SDI Industries. Plaintiff filed this appeal pro se.

We ordered the parties to address the procedural issue of whether plaintiff's failure to file objections to the magistrate judge's Report and Recommendation waived appellate review of the merits. "This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005). We have held that "[t]his rule does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Id.* We have further held that

> in counseled, civil, nonhabeas cases, the merits of the underlying case should not be considered in determining whether the interests of justice exception has been met. . . . [Rather], in counseled cases, determination of the interests of justice exception should focus instead on the facts that purport to excuse the lack or untimeliness of the filing of objections.

*Key Energy Res., Inc. v. Merrill (In re Key Energy Res., Inc.)*, 230 F.3d 1197, 1200 (10th Cir. 2000).

Plaintiff, through his new counsel, argues that the waiver rule is not jurisdictional and should not apply in this case because the failings of plaintiff's original counsel kept plaintiff in the dark about the status of his lawsuit and prevented him from protecting his own interests. He argues that we should expand our exceptions to the firm waiver rule to include "litigants . . . who were

effectively abandoned by their counsel[,]" Aplt. Mem. Br. at 2, and requests that we treat plaintiff as if he had been pro se in the district court, *see id.* at 5. Defendant argues that the waiver rule should apply.

Plaintiff's arguments on appeal are unavailing. Under the circumstances of this case, the exceptions to our firm waiver rule do not apply. A claim for ineffective assistance of counsel generally does not apply in civil actions, and plaintiff's only arguable recourse would be a claim for legal malpractice against his former counsel. *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1119 (10th Cir. 2006).

AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge