FILED
United States Court of Appeals
Tenth Circuit

September 29, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BECKY GARCIA;
ESTAVAN B. GARCIA,

      Debtors.

---

PHILIP J. MONTOYA, Trustee,

      Plaintiff-Appellant,

v.

ESTHER J. GARCIA,

      Defendant-Appellee.

No. 08-2126
(D.C. No. 6:07-CV-00543-BB-RHS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

This appeal requires us to determine whether to apply this court's "firm

waiver rule," under which "the failure to make timely objection to the

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

After a trial on the merits, the bankruptcy court ruled that a transfer of certain real property was not a preferential or a fraudulent transfer. Bankruptcy trustee Philip J. Montoya appealed. At the election of the defendant-appellee, the appeal went to the district court, rather than to the Tenth Circuit Bankruptcy Appellate Panel. The magistrate judge issued a report and recommendation that the district court affirm the decision of the bankruptcy court, but did not inform the parties that they could file objections, or that a failure to object would waive appellate review. Mr. Montoya did not object to the report and recommendation. Noting that no party had filed objections, the district court adopted the report and recommendation and affirmed the bankruptcy court's decision. Mr. Montoya then appealed to this court. We issued a show-cause order directing him to brief the issue of whether or not his failure to object resulted in a waiver of appellate review and allowing the defendant-appellee to respond if she wished. Mr. Montoya's show-cause response brief and the waiver issue was referred to this panel along with the merits briefs.

In his show-cause response, Mr. Montoya complains that the report and recommendation did not notify the parties that they must file timely objections to preserve their right to appellate review. He argues that the firm waiver rule should not be enforced in the absence of such an explicit notification. While we

have held that the firm waiver rule is inapplicable when pro se litigants are not given explicit notice of the rule, *see id.* at 659, we have never extended that practice to counseled cases. We decline to do so today, because we expect counsel to know the rules. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 n.5 (10th Cir. 2007) ("[W]e expect counsel to know the pleading rules of the road without being given personal notice of them by the district court."); *United States v. Windrix*, 405 F.3d 1146, 1157 (10th Cir. 2005) (holding that a criminal defendant's counsel is "charged with knowledge of the local criminal rules in their entirety, including those parts of the local civil rules incorporated by reference").

While 28 U.S.C. § 636(b)(1) provides that a party "may" file objections to a report and recommendation, it has long been accepted in this circuit that "'a party "may" file objections within ten days or he may not, as he chooses, but he "shall" do so if he wishes further consideration.'" *Niehaus v. Kan. Bar Ass'n*, 793 F.2d 1159, 1165 (10th Cir. 1986) (quoting *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980)). The Federal Rule of Civil Procedure concerning magistrate judges' recommendations provides fair warning of the firm waiver rule: "A party may serve and file objections to the order within 10 days after being served with a copy. *A party may not assign as error a defect in the order not timely objected to.*" Fed. R. Civ. P. 72(a) (emphasis added).

In the alternative, Mr. Montoya urges that "the interests of justice" require

review. *See Moore*, 950 F.2d at 659 ("The waiver rule as a procedural bar need

not be applied when the interests of justice so dictate."). "[T]he interests of

justice exception in counseled cases is a narrow one." *Key Energy Res., Inc. v.*

*Merrill (In re Key Energy Res., Inc.)*, 230 F.3d 1197, 1200 (10th Cir. 2000).

> [I]n counseled, civil, nonhabeas cases, the merits of the underlying
> case should not be considered in determining whether the interests of
> justice exception has been met. . . . [I]n counseled cases,
> determination of the interests of justice exception should focus
> instead on the facts that purport to excuse the lack or untimeliness of
> the filing of objections.

*Id.* In his show-cause response brief, Mr. Montoya asserts:

> [C]ounsel for the Plaintiff reviewed the Federal Magistrate Act, and,
> based on the plain meaning of the Act, read the permissive language
> to mean what it said. The Magistrate's Findings and
> Recommendations did not provide any notice of the consequences of
> failure to exercise the permissive provisions allowing objections to
> be filed.

Aplt. Waiver Br. at 6-7.

This assertion does not satisfy the "interests of justice" exception. As

discussed above, we expect counsel to know the rules, and Rule 72(a) clearly

provides that a party who wishes to continue to complain about an error must file

objections in the district court. Further, it is a well-known precept that parties

must first present their arguments in the district court, and not wait until their

appeal to this court:

> In order to preserve the integrity of the appellate structure, we should not be considered a second-shot forum, a forum where secondary, back-up theories may be mounted for the first time.  Parties must be encouraged to give it everything they've got at the trial level.  Thus, an issue must be presented to, considered and decided by the trial court before it can be raised on appeal.

*Tele-Communications, Inc. v. Comm'r of Internal Revenue*, 104 F.3d 1229, 1233

(10th Cir. 1997) (quotations and citations omitted).

In light of our firm waiver rule, the appeal is DISMISSED.


Entered for the Court


Michael R. Murphy
Circuit Judge