FILED
United States Court of Appeals
Tenth Circuit

September 14, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

KIM BARGER,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 09-3313
(D.C. No. 6:08-CV-01333-MLB)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **TACHA**, **HOLLOWAY**, and **ANDERSON**, Circuit Judges.

---

Plaintiff Kim Barger appeals from a district court order affirming the

Commissioner's decision to deny disability benefits. In so ruling, the district

court adopted the thorough recommendation of the magistrate judge, to which

Ms. Barger, then represented by counsel, had filed no objections. Applying the

firm waiver rule that governs such circumstances in this circuit, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005). The rule may be suspended in both pro se and counseled cases where the interests of justice favor review, *id.*, but this exception is especially narrow "in counseled, civil, nonhabeas cases," such as the one before us. *Key Energy Res., Inc. v. Merrill (In re Key Energy Res., Inc.)*, 230 F.3d 1197, 1200 (10th Cir. 2000). Here, "the merits of the underlying case should not be considered in determining whether the interests of justice exception has been met;" instead, our focus is limited to "the facts [if any] that purport to excuse the lack or untimeliness of the filing of objections" by counsel.[1] *Id.*

This court provided Ms. Barger an opportunity to address the applicability of the firm waiver rule to her appeal. In her response, she did not offer any facts excusing counsel's failure to object to the magistrate judge's recommendation. Rather, the thrust of her response was that she should not bear the consequences of her counsel's unexcused omission.

---

[1] In contrast, the importance of the issues raised is a relevant consideration in assessing the interests of justice exception in pro se cases, *Morales-Fernandez*, 418 F.3d at 1120, and the waiver rule will be suspended if the pro se litigant can demonstrate plain error in the magistrate judge's unobjected-to recommendation, *id.* at 1122; *see, e.g.*, *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (following *Morales-Fernandez* and applying plain-error review in pro se case); *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006) (same).

That argument is singularly unavailing. Counseled litigants are generally bound by the actions of their legal representatives. *Gripe v. City of Enid*, 312 F.3d 1184, 1189 (10th Cir. 2002).[2] And to deviate from that general principle specifically in connection with our firm waiver rule, allowing litigants to pursue objections previously forfeited without excuse by their counsel, would effectively nullify the operation of the waiver rule in counseled cases–precisely where it is meant to have its most rigorous application. Our case law does not support such a result. Indeed, this court has consistently refused to suspend operation of the rule where the failure to object was the result of counsel's omission, neglect, or ignorance of the law. *See, e.g.*, *Montoya v. Garcia (In re Garcia)*, 347 F. App'x 381, 382-83 (10th Cir. 2009); *Smith v. SDI Indus., Inc.*, 260 F. App'x 93, 94-95 (10th Cir. 2008); *Neely v. Ortiz*, 241 F. App'x 474, 477 & n.1 (10th Cir. 2007).

---

[2] We elaborated on this point in *Gripe* with the following quotation from the Supreme Court's decision in *Link v. Wabash R. R. Co.*, 370 U.S. 626 (1962):

> "There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney."

*Gripe*, 312 F.3d at 1189 (quoting *Link*, 370 U.S. at 633-34).

In light of the procedural rights at stake, counsel need to be vigilant in preserving grounds for appeal when cases proceed initially before a magistrate judge. If, for whatever reason, counsel do not intend to file objections to an ensuing recommendation, they should inform their clients of that decision and its procedural consequences before those consequences take effect. Counsel who do not fulfill this basic responsibility leave their clients in the worst possible position: at least if the client were proceeding pro se, the waiver rule would be considerably more lenient. Here, it appears Ms. Barger's attorney did nothing until the district court adopted the unobjected-to recommendation, and then just sent a letter informing her of the court's adverse decision and his unwillingness to take an appeal on her behalf because he "d[id] not think an appeal would be successful." R. vol. 1 at 410. Ironically, regardless of whether there was any merit to Ms. Barger's case, that assessment of success on appeal is undeniably correct due to counsel's own inaction.

The judgment of the district court is AFFIRMED. Appellant's motion for leave to proceed in forma pauperis on appeal is GRANTED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge