**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ERIC ADAMS,

    Petitioner - Appellant,

v.

MATEVOUSIAN, Warden,

    Respondent - Appellee.

No. 20-1273
(D.C. No. 1:19-CV-01226-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

Eric Adams, appearing pro se,[1] appeals the district court's minute order striking the motions he filed under Federal Rules of Civil Procedure 59(e) and 60(b)(1). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Adams, a prisoner at the United States Penitentiary – ADMAX in Florence, Colorado, applied for habeas relief under 28 U.S.C. § 2241. He alleged the Bureau of Prisons violated the Eighth Amendment Cruel and Unusual Punishment Clause by

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Adams is pro se, we construe his filings liberally, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

incarcerating him in Colorado rather than New York or Pennsylvania, both of which are closer to his family. This is his third appeal to this court in this case.

First, the district court dismissed Mr. Adams's § 2241 application for lack of jurisdiction. It also denied his motions under Rules 59(e) and 60(a) and for a writ of mandamus. The court said it would not consider any further motions for reconsideration.

We affirmed. *Adams v. Matevousian*, 787 F. App'x 541 (10th Cir. 2019) (unpublished). Because § 2241 applications challenge the execution of a sentence rather than conditions of confinement, *see Palma-Salazar v. Davis*, 677 F.3d 1031, 1034-37 (10th Cir. 2012), we held Mr. Adams cannot use § 2241 to challenge where he is housed. *Adams*, 787 F. App'x at 541.

Second, after his first appeal, Mr. Adams moved in district court for relief under Rule 60(b)(1), alleging the court had mistakenly denied his § 2241 application. The court denied the motion and warned that the court clerk would be directed to strike any further filings.

We affirmed. *Adams v. Matevousian*, 803 F. App'x 224 (10th Cir. 2020) (unpublished). We said Mr. Adams's "motion and this appeal from the denial thereof are patently frivolous" for the reasons stated in our decision in the first appeal. *Id.* at 225.

Third, the instant appeal arises from the district court's minute order striking Mr. Adams's Rule 59(e) and 60(b)(1) motions, which he filed after his second appeal. We

review for abuse of discretion. *See Neely v. Ortiz*, 241 F. App'x 474, 477 (10th Cir. 2007) (unpublished) ("[W]e review the order to strike for abuse of discretion.").[2]

After entering its dismissal order, the district court considered Mr. Adams's motions to reconsider. After his first appeal, it considered his motion under Rule 60(b)(1). After we affirmed in the second appeal, Mr. Adams tried yet again for reconsideration, even though the district court and this court had twice determined his claim is not cognizable under § 2241, and even though the district court warned that additional filings would be stricken. Under these circumstances, Mr. Adams cannot show the district court abused its discretion.

We affirm the district court's minute order. Because Mr. Adams has failed to show the "existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised," *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) (quoting *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)), we deny his motion to proceed *in forma pauperis*.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[2] Cited for persuasive value under Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A).