FILED
United States Court of Appeals
Tenth Circuit

August 8, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DWAYNE K. MOORE,

       Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

       Defendant-Appellee.

No. 11-6235
(D.C. No. 5:10-CV-00567-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

      Dwayne K. Moore appeals the district court's order affirming the

Commissioner's denial of his application for Social Security disability benefits.

Exercising jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we apply the

firm waiver rule and dismiss the appeal.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Moore filed this action in district court to appeal the Commissioner's decision denying him disability benefits. A magistrate judge issued a Report and Recommendation (R&R) to affirm the Commissioner's decision. The R&R advised Moore of his right to file objections and the deadline for doing so. It also cautioned that a failure to file timely objections would waive his right to appellate review of both factual and legal questions. Moore filed timely objections to the R&R, but he stated only the following:

> Plaintiff objects generally to every finding [in the R&R] and specifically to any finding that runs contrary to the allegations and points of error in his Brief in Chief and Reply. Plaintiff has properly identified numerous points of error in the format required by this Court, and they have been summarily and improperly rejected by the Magistrate. Plaintiff disagrees so thoroughly with each and every finding by the Magistrate that it would serve no useful purpose to specifically identify each point of disagreement, because he disagrees with everything.

Aplee. Br., Attachment D at 1-2. In its order adopting the R&R, the district court stated, "Plaintiff's objection lacks specificity, fails to identify any factual or legal error, and makes no effort to focus the Court's attention on the alleged error. Consequently, and consistent with Tenth Circuit precedent, the Court finds Plaintiff has waived the right to review of the Magistrate Judge's findings." Aplt. App. at 40. The district court therefore declined to review the R&R de novo and adopted it in its entirety.

We have adopted a "firm waiver rule" providing that "the failure to make timely objections to the magistrate judge's findings or recommendations waives

appellate review of both factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quotations omitted). To preserve an issue for appellate review, "a party's objections to the magistrate judge's report and recommendation must be both timely and *specific*." *Id.* at 1060 (emphasis added). In *One Parcel of Real Property*, the plaintiffs filed objections in which they asked the district court to reconsider a magistrate judge's R&R "based on the motions, exhibits, testimony, briefs, and arguments" they had previously submitted to the court. *Id.* (quotation and brackets omitted). We held this general objection was insufficient to avoid application of the firm waiver rule. *Id.* We have nonetheless declined to apply the firm waiver rule "when the interests of justice so dictate." *Id.* (quotation omitted). But this exception is narrow in counseled cases and does not involve consideration of the merits of the underlying claims. *Key Energy Res., Inc. v. Merrill (In re Key Energy Res., Inc.)*, 230 F.3d 1197, 1200 (10th Cir. 2000).

The Commissioner contends that Moore waived all of his appellate arguments by failing to file sufficiently specific objections to the magistrate judge's R&R. As the Commissioner notes, Moore's objection to every finding in the R&R that runs contrary to the points of error he identified in his district court briefs is no more specific than the objections we held were too general in *One Parcel of Real Property*. Moore does not argue otherwise. In fact, he ignores the firm waiver issue in his opening appeal brief, and he inexplicably states in his reply brief that the Commissioner's brief "raises no new issues not already briefed." Aplt. Reply Br.

- 3 -

at 2. The Commissioner further asserts that the interests of justice do not excuse Moore from the bar to appellate review in this case. Again, Moore does not dispute this contention. Having made no attempt to argue either that his objections were sufficiently specific, or that the narrow interests-of-justice exception should apply in this case, Moore has forfeited consideration of these issues on appeal. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue."). We therefore apply the firm waiver rule as a bar to appellate review in this case and dismiss the appeal. *See In re Key Energy Res.*, 230 F.3d at 1201 (applying firm waiver rule and dismissing appeal); *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1268 (10th Cir. 1999) (same).

The appeal is DISMISSED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge