**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DEREK W. COLE,

    Plaintiff - Appellant,

v.

CITY OF AURORA, COLORADO, a
Colorado municipal corporation; STEVE
HOGAN, Mayor, City of Aurora,
Colorado; AURORA CITY COUNCIL,
City of Aurora, Colorado; GEORGE
"SKIP" NOE, City Manager, City of
Aurora, Colorado; NICHOLAS "NICK"
METZ, Chief of Police, City of Aurora,
Colorado; AURORA POLICE
DEPARTMENT, City of Aurora,
Colorado; SGT. TIM E. GENARO, Aurora
Police Department, City of Aurora,
Colorado, in his official capacity;
UNKNOWN CITY OF AURORA
POLICE OFFICERS, DETECTIVES,
SERGEANTS, AND EMPLOYEES;
JOHN (AND JANE) DOES 1-50, in their
official and individual capacities,

    Defendants - Appellees,

No. 17-1340
(D.C. No. 1:16-CV-00588-PAB-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.

_____

Derek W. Cole, a Colorado-licensed attorney appearing pro se, appeals the district court's dismissal of his claims against the City of Aurora, the Aurora City Council, the Aurora Police Department, Sergeant Tim E. Genaro, several other named individuals, and multiple Doe defendants. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

Mr. Cole leased space for his law office in a building that went into receivership. By January 2014, he had not paid rent since the previous April, nor had he responded to multiple demands for payment of rent. The court-appointed receiver posted on the premises a "Three Day Demand to Vacate Premises," warning that after three days, "any remaining items left on the premises [would] be discarded." R., Vol. 2 at 27. Mr. Cole did not respond. Five days later, the receiver filed a complaint for unlawful detainer, mailed a copy to Mr. Cole at his only known address at the premises, and posted on the premises a "Summons in Forcible Entry and Unlawful Detainer." *Id.* at 29. Mr. Cole did not respond to the summons, and his property was removed in February 2014.

Mr. Cole alleges that he learned about the removal of his property in March 2014 and then went to the police department to report a crime. There, Sergeant Genaro indicated that the police were aware of the circumstances, referred Mr. Cole to an agent at a liquidating company, and told him that the company had inventoried

2

his property. Sergeant Genaro also informed Mr. Cole that he could not file a criminal report because this was a civil matter.

Mr. Cole then filed this lawsuit, alleging violations of the Fourteenth Amendment and 42 U.S.C. §§ 1983, 1985, 1986, and 1988. The gist of his claims is that he could not recover his property because he was not allowed to file a criminal report and because the police refused to conduct an investigation. The district court dismissed Mr. Cole's claims in four separate orders.

First, on November 22, 2016, the court adopted a magistrate judge's report and recommendation to dismiss the claims against the Doe defendants, whom Mr. Cole had not served. Although Mr. Cole had been advised that he had the right to object to the recommendation and that failure to object would waive his right to appellate review, he did not do so.

Second, on December 5, 2016, the court overruled Mr. Cole's objections and adopted the magistrate judge's report and recommendation that all the claims except those against Sergeant Genaro should be dismissed. The magistrate judge found that Mr. Cole had not alleged any facts against any other named defendant. Mr. Cole's objections did not specify any actions by the other named defendants that supported his claims or otherwise address the grounds supporting the recommendation.

Third, on January 11, 2017, the court granted Mr. Cole's motion under Federal Rule of Civil Procedure 41(a)(2) to voluntarily dismiss the claims against Sergeant Genaro in his individual capacity.

3

Fourth, on June 28, 2017, the court adopted the magistrate judge's report and recommendation to dismiss the claims against Sergeant Genaro in his official capacity because Mr. Cole failed to allege any policy or custom of the municipality that caused him harm. Again, Mr. Cole had been informed of the consequences of failing to object to the recommendation, and he did not object.

After Mr. Cole filed this appeal, we issued an order to show cause why he had not waived his right to appellate review of the district court's November 22, 2016, and June 28, 2017, orders. Mr. Cole's response was referred to this panel. Mr. Cole then filed his opening brief, arguing that the district court applied the wrong standard in dismissing his claims and that the magistrate judge was biased against him. The opening brief lacks a clear statement of the issues Mr. Cole wishes to appeal. We discern no basis for reversing the district court's orders.

## II. **ANALYSIS**

We review de novo the district court's dismissal of Mr. Cole's claims, and we may affirm its decision on any grounds supported by the record. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

Under the firm-waiver rule, the failure to object to a magistrate judge's findings or recommendations waives appellate review of both factual and legal questions. *Wirsching v. Colorado*, 360 F.3d 1191, 1197 (10th Cir. 2004). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve any issue for . . . appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "[O]nly an objection that is

4

sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies . . . that led us to adopt a waiver rule in the first instance." *Id*.

We have delineated two exceptions to the rule:  (1) when a pro se litigant has not been informed about the opportunity to object and the consequences for failing to do so, and (2) when the interests of justice require review.  *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008).  Factors relevant to the second exception include "a *pro se* litigant's effort to comply [with the objection requirement], the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised."  *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1120 (10th Cir. 2005).  Determining whether the exception applies incorporates, at a minimum, the plain error standard.  *Id.* at 1122.

## A. *November 22, 2016, Order*

In his response to this court's show-cause order, Mr. Cole does not address the November 22, 2016, order.  In his opening brief, he argues that the district court adopted the magistrate judge's recommendation "prematurely," without allowing him the statutorily prescribed time to object.  Aplt. Opening Br. at 6.  Mr. Cole, however, makes no specific argument about any legal or factual issues in the magistrate judge's recommendation.  Moreover, his argument about the timeliness of his objection lacks merit.  According to the district court's docket, the report and recommendation was mailed to him on November 4, 2016.  Because he was served by mail, the fourteen-day deadline to serve and file specific written objections,

5

*see* 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b)(2), was extended by three days, *see* Fed. R. Civ. P. 6(d), resulting in a deadline of November 21. The district court's order was issued after the applicable deadline. We discern no basis for reversal of this order.

## B. *December 5, 2016, Order*

Mr. Cole did object to the magistrate judge's recommendation to dismiss all of Mr. Cole's claims except those against Sergeant Genaro. The district court overruled the objection, finding Mr. Cole had failed to address the basis for the recommendation, which was that Mr. Cole had not alleged any facts against any defendant but Sergeant Genaro. Based on our review of the objection, we agree. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and *specific* to preserve an issue for de novo review by the district court or for appellate review." *2121 E. 30th St.*, 73 F.3d at 1060 (emphasis added); *see also Moore v. Astrue*, 491 F. App'x 921, 923 (10th Cir. 2012) (unpublished) (cited for persuasive value under 10th Cir. R. 32.1). Because Mr. Cole's objection was not sufficiently specific, he has waived his right to appellate review of this order.

## C. *January 11, 2017, Order*

The district court granted Mr. Cole's motion to dismiss his claims against Sergeant Genaro in his individual capacity. *See* Fed. R. Civ. P. 41(a)(2). To the extent Mr. Cole seeks to appeal that order, "[w]e generally lack appellate jurisdiction to review voluntary dismissals of claims," *Ali v. Fed. Ins. Co.*, 719 F.3d 83, 88 (2d Cir. 2013); *see also Anchor Pointe Boat-A-Minium Ass'n, Inc. v. Meinke*,

860 F.2d 215, 218 (6th Cir. 1988) ("The general rule is . . . that a plaintiff who has requested and been granted or agreed to a voluntary dismissal of his action without prejudice cannot maintain or prosecute an appeal from the order of dismissal." (internal quotation marks omitted)).

### D. *June 28, 2017, Order*

Mr. Cole argues that he did not waive his appellate rights regarding the June 28, 2017, order, because (1) he does not recall whether the magistrate judge's recommendation was properly served on him, (2) he is a permanently disabled, African-American veteran of the United States Navy who has suffered from a number of medical problems, including thyroid cancer, a stroke, and blood clots in his lungs, (3) all of the property that was in his office was removed in February 2014, and (4) his father died in April 2016, which engendered a stressful family dispute about the estate.

The first exception to the firm-waiver rule does not apply because the magistrate judge's recommendation clearly informed Mr. Cole about his opportunity to object, *see* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2), and the consequences for failing to do so. As noted in the district court's order, the recommendation was served on the parties on May 30, 2017. Mr. Cole's assertion that he does not recall receiving it does not warrant application of this exception.

Nor do the allegations in Mr. Cole's response provide adequate grounds for excusing his failure to object to the recommendation in the interests of justice. For example, the magistrate judge's recommendation was issued more than a year after

7

Mr. Cole's father died and more than three years after property was removed from Mr. Cole's office. Moreover, the record shows that in October 2016, Mr. Cole availed himself of the opportunity to file an objection to a previous recommendation by the magistrate judge (underlying the district court's December 5, 2016, order). In light of his ability to object to an earlier recommendation, Mr. Cole has not provided a plausible explanation to excuse his failure to object to this one.

### E. *Request for Attorney Fees and Costs*

In their answer brief, appellees request an award of attorney fees and costs for responding to this appeal. We decline to grant their request because they have not filed a separate motion. *See* Fed. R. App. P. 38.

### F. *Mr. Cole's Reply Brief*

In his reply, Mr. Cole raises a new argument that the court-appointed receiver violated state law. We do not ordinarily review issues raised for the first time in a reply brief. *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). To the extent Mr. Cole attempts to support this new argument with ninety-one pages of documents submitted as exhibits to his reply brief, we decline to consider them. *See United States v. Erickson*, 561 F.3d 1150, 1165 n.2 (10th Cir. 2009) (declining to consider affidavits referred to only in the reply brief).

## III.  **CONCLUSION**

We affirm the district court's judgment dismissing all of Mr. Cole's claims.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge